**In re DICKERMAN.**
Patent Appeal No. 2571.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Rehearing Denied Dec. 19, 1930.

Edward W. Shepard, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Examiner rejecting claims 3, 4, 7, 8, 9, and 10 of appellant's application for a patent for lack of invention over the prior art.

Claims 3 and 8 are illustrative of the claims in issue and read as follows:

"3. An oil burner comprising a rotatably mounted atomizer having fan blades set obliquely and spaced to permit the passage of air therebetween to obtain rotation thereof, and means for dropping the fuel oil on the blades of the atomizer head."

"8. In an oil burner, the combination of a rotatable atomizer head, and means for feeding oil in drops against the atomizer head."

The references cited are: Ciszewski, 783019, February 21, 1905; Melhart, 1010294, November 28, 1911; Robinson et al., 1193301, August 1, 1916.

Appellant's application relates to an oil-burning device comprising a fuel supply pipe extending upwardly through an opening in a base, and having a stationary lateral discharge spout from which oil is fed upon or against a rotatable spray head or atomizer which includes a plurality of blades arranged at oblique angles with respect to the walls of the opening below such blades. The spaces between the blades allow air to pass upwardly through them, the air contacting with the inclined surfaces of the blades to revolve the spray head. As the spray head rotates, the oil will be picked up by the blades, and broken into fine particles; the particles are then thrown off centrifugally and mixed with air for combustion purposes.

In its decision, the Board of Appeals states:

"The examiner selected the patent to Ciszewski as the principal reference against the rejected claims. Claim 8 appears to read directly on this reference as the conical plate 5 and the fan of Fig. 6 clearly constitute an 'atomizer head' and the fuel is fed thereon in drops from the pipe nozzle 3.

"Claim 4 includes a stationary lateral discharge spout on the feed pipe and a rotatable atomizer head disposed concentrically about the feed pipe which construction involves nothing patentable over Melhart in which the openings H' are the equivalent of the discharge spout.

"Claim 3 specifies that the oil is fed drop by drop on the blades of the atomizer head and claims 7, 9 and 10 that the blades act upon the drops of oil to chop and break it up. None of the references show the oil fed drop by drop on the blades but such a structure does not seem to involve any invention over Fig. 6 of Ciszewski in which the drops would fall on the central cone and spatter on the blades or form a film which would be thrown on them, see p. 2, 1. 49–53 of his specification. Claims 7, 9 and 10 are broader than claim 3 and it is clear that if the oil is 'sprinkled' by the centrifugal force it will be chopped by the blades. In Robinson the oil is thrown out of the openings 21 by centrifugal force and in all probability it would fall on the fan blades and be chopped and broken up. In Melhart the oil is fed up by the screw O and issues through the openings H' onto the center of the fan from which it would be

thrown out in drops or as a film on the surface of the blades and thrown off by their upper edges where it comes into contact with the air rising between them. It is noted that in applicant's original specification there is no disclosure of feeding the oil drop by drop on the blades. It merely says:

" 'Oil passes through the pipe 15 and into the pipe 16 when it overflows through spout 17 and is deposited on the spray head 21.'

" 'It is obvious that as the spray head rotates the oil will be picked up by the blades and broken into fine particles.'

"There is nothing in this disclosure which materially distinguishes from the references and it does not fairly support the limitations of the claims which are relied on."

The rule is well established that a question of invention is a question of fact and not of law. Walker on Patents (6th Ed.) § 81, and cases cited.

It is also well settled that, where the tribunals of the Patent Office concur in holding that claims do not involve patentable invention, the decision of the Board of Appeals should not be reversed unless manifestly wrong. In re Demarest (Patents) 38 F. (2d) 895 (Cust. & Pat. App.); In re Banner (Patents) 39 F.(2d) 690 (Cust. & Pat. App.).

With regard to the Ciszewski reference, appellant in his brief states:

"Taking up the claims in the order in which they are treated in the Board's decision, it is respectfully submitted that while Ciszewski may show the feeding of oil drop by drop upon a spreader plate, to spread out the oil into a thin sheet from the outer edge of which sheet the oil is scattered by centrifugal action, he does not show the feeding of oil *against* an atomizer head in the sense of appellant's disclosure, because appellant discloses means feeding the oil *against* a rotating device which will mechanically act directly upon the oil to immediately chop it up into a mist. With this interpretation of Claim 8, it is believed that the claim distinguishes in a patentable sense over Ciszewski, for, as hereinbefore explained, Ciszewski never contemplated the use of the fan of his Fig. 6 without the cover plate 5 or 5', and when the cover plate is used there can be only a spreading of the oil by the plate into a thin sheet of oil, the subsequent scattering and breaking up of the oil into fine particles being due to centrifugal force and not to the action of the atomizer head upon the oil as fed thereto." (Italics quoted.)

We do not agree with this construction of the Ciszewski specification. We think that he shows that his alternative construction shown in his figure 6 would not include the cover shown in his principal construction. In the initial description of his invention he states that one of his objects is to provide "a turbine adapted for spreading out and sprinkling the liquid fuel," making it clear that he regarded the cover of the device as a part of the turbine, for otherwise the turbine could not be adapted for "spreading out and sprinkling the liquid fuel."

His statement of an alternative construction is as follows:

"The construction of the turbine is quite immaterial. It may also be replaced by a fan 26, (shown at Fig. 6) which requires no further explanations."

Figure 6 in the drawings accompanying the specification shows a construction which clearly does not contemplate the cover shown in figure 4, and therefore the oil from the spout shown by Ciszewski would fall directly upon the atomizer head which revolves with the blades of the fan.

With reference to the Robinson reference, appellant claims that the Robinson specification shows that the oil would not drop or fall upon the blades at all, but would ignite before reaching the blades. While it is true that the language of the specification is susceptible of this construction, it is also true that the statement is merely a conclusion as to what would happen when certain specified events take place. It is a sufficient answer to appellant's contention to say that, if oil dropping from Robinson's structure would not reach the blades, but would ignite before reaching them, that would likewise be true in appellant's device.

We think that the statement of the Board of Appeals that "In Robinson the oil is thrown out of the openings 21 by centrifugal force and in all probability it would fall on the fan blades and be chopped and broken up" is a reasonable conclusion.

While the description in the Robinson specification is not entirely clear as to operation of his structure, we think that its operation does in fact produce the same result as does appellant's structure, except that possibly the greater number of vanes or blades in appellant's device may insure a better chopping of the oil. The substitution of a greater number of blades for the blades or vanes

shown by Robinson would not, in our opinion, involve invention.

Furthermore, appellant's specification provides merely for a "plurality of blades." Plurality means more than one, and Robinson's specification corresponds to appellant's disclosure in this feature.

We find no error in the decision of the Board of Appeals, and it is affirmed.

Affirmed.